**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Alan Troy Nimer,<br><br>             Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>             Defendants. | No. CV-12-1435-PHX-ROS (LOA)<br><br>**ORDER AND<br>ORDER TO SHOW CAUSE** |

This matter is before the Court on Plaintiff's Motion to Obtain Defendant's Address and Plaintiff's Motion to Obtain First Amended Complaint. (Docs. 33, 34) Defendants have filed a Response to each motion. (Docs. 36, 37) Plaintiff has not filed a reply in support of either motion and the time to do so has expired. *See* Local Rules of Civil Procedure ("LRCiv") 7.2(d) (providing that a reply, if filed, must be submitted within seven days after service of the response).

In the first motion, Plaintiff seeks the Court's assistance with an alternative service address for Defendant "Nurse Gabowski." A U.S. Marshal's Service Process Receipt and Return was filed on August 9, 2013, indicating Gabowski is no longer employed by the Arizona Department of Corrections ("ADOC") and an alternative service address is needed. (Doc. 25) Plaintiff then waited more than two months, until October 15, 2013, to file the instant motion.

In their response, Defendants explain that ADOC records show a Nurse "Grabowski," not "Gabowski," was, but no longer is, employed by ADOC. Defendants further explain, however, that Nurse Grabowski was male. Plaintiff's First Amended Complaint indicates the

nurse he alleges claims against is female. (*See* Doc. 23 at 9) (suing "Nurse Gabowski in *her* individual and official capacity.") (emphasis added) By failing to file a reply, Plaintiff does not dispute that he intended to sue a female nurse. Because former Nurse "Grabowski" is male, the Court sees no reason to require Defendants to provide a last known alternative address for him. Plaintiff's motion to obtain a service address will, therefore, be denied. Moreover, because Plaintiff has failed to comply with the service of process time limits set forth in the screening order, doc. 24 at 16, the Court will order him to show cause why the defendant he identifies as Nurse Gabowski should not be dismissed from this action.

Regarding the second motion, Plaintiff asks the Court to send him a copy of the First Amended Complaint. Plaintiff contends he had one copy but it has disappeared from his cell. Defendants take no position on this request.

Although Plaintiff is proceeding *in forma pauperis*, he is not exempt from paying most court costs and litigation expenses. The *in forma pauperis* statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for *in forma pauperis* litigants. *See* 28 U.S.C. § 1915(a). Aside from the specific costs waived pursuant to § 1915(a), "[t]he general rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action." *See Moss v. ITT Continental Baking Co.*, 83 F.R.D. 624, 625 (E.D. Va. 1979) (citations and internal quotation marks omitted); *see also Alexander v. Plainer*, 390 F.Appx 724, 726 (9th Cir. 2010) ("The district court rightly exercised its discretion by denying [Plaintiff's] request to subpoena a particular correctional officer because [Plaintiff] did not pay the required witness and mileage fees[.]"); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (same); *Manning v. Masters*, 2012 WL 1431359, at *1 (D. Nev. April 25, 2012) ("Although section 1915 does allow commencement of a suit without prepayment of fees and costs upon a showing of indigency, it does not authorize federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs."). The Fifth Circuit has noted that the Supreme Court has held that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). Thus,

absent a federal statute authorizing the payment of a prisoner's copying expenses, Plaintiff is responsible for the cost of any copies he requests. This motion will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Obtain Defendant's Address, doc. 33, and Plaintiff's Motion to Obtain First Amended Complaint, doc.34, are **DENIED**.

**IT IS FURTHER ORDERED** that on or before **Friday, December 13, 2013,** Plaintiff shall show cause in writing why Defendant Gabowski should not be dismissed without prejudice from this action for failure to serve pursuant to Fed.R.Civ.P. 4(m) and LRCiv. 16.2(b)(2)(B)(i).

DATED this 4th day of December, 2013.

Lawrence O. Anderson
United States Magistrate Judge