**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan Troy Nimer,<br><br>    Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-12-1435-PHX-ROS (LOA)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Amend Complaint. (Doc. 39) Defendants have filed a Response to Plaintiff's Motion to Amend Complaint. (Doc. 43). Plaintiff has not filed a reply and the time to do so has expired. *See* Local Rules of Civil Procedure ("LRCiv") 7.2(d) (providing that a reply, if filed, must be submitted no later than seven days after service of the response).

Plaintiff initiated this action by filing a Civil Rights Complaint by a Prisoner on July 2, 2012. (Doc. 1) Upon screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the assigned District Judge dismissed it for failure to state a claim but granted Plaintiff leave to file an amended complaint. (Doc. 14 at 11-12) On February 8, 2013, Plaintiff filed a First Amended Complaint. (Doc. 23) Upon screening the First Amended Complaint, the District Judge directed Defendants Brown, Gabowski, Taylor and Hernandez to answer Counts One and Two, but dismissed Count Three, and several other defendants, without prejudice. (Doc. 24 at 16)

In the instant motion, Plaintiff seeks leave to amend the First Amended Complaint, but the one-paragraph motion provides no explanation of how he intends to amend it or why

such amendments are necessary. Attached to the motion is a proposed Second Amended Complaint. (Docs. 39-40)

Rule 15.1(a) of the Local Rules of Civil Procedure ("LRCiv"), which governs the amendment of pleadings by motion, provides in pertinent part:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the test to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a).

Here, although Plaintiff has attached a proposed Second Amended Complaint to the motion, the proposed pleading does not comply with the requirements of Rule 15.1(a). Plaintiff has not underlined any text to be added, thus it is unclear whether there are any new facts or claims alleged in the proposed amended pleading. In addition, in the First Amended Complaint, Plaintiff attached ten additional pages in support of his claim in Count One. In his proposed Second Amended Complaint, there are only six pages attached in support of Count One and one of those pages is completely lined through. Thus, the proposed amended pleading fails to "indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv. 15(a). Simply omitting pages without indicting to the Court what text has been deleted fails to comply with the rule.

A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, ___, 130 S.Ct. 705, 710 (2010) (citation omitted). They "are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted). The District Court of Arizona routinely denies amendment motions for failure to comply with LRCiv 15(a). *See e.g., Bivins v. Ryan*, 2013 WL 321847, *4 (D. Ariz. Jan. 28, 2013); *J-Hanna v. Tucson Dodge Inc.*, 2012 WL 1957832, *1 (D. Ariz. May 31, 2012); *Huminski v. Heretia*, 2011 WL 2910536, at *1

(D. Ariz. July 18, 2011). "Anyone appearing before the court is bound by these Local Rules[,] including "[p]arties not represented by an attorney unless the context requires otherwise." LRCiv 83.3(c)(1). In view of Plaintiff's failure to comply with Rule 15.1(a), the Court will deny the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend, doc. 39, is **DENIED**.

DATED this 4th day of February, 2014.

Lawrence O. Anderson
United States Magistrate Judge