**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Alan Troy Nimer,<br><br>    Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-12-1435-PHX-ROS (LOA)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Extension of Time for Deadlines Set by the Court. (Doc. 60) Defendants have filed a Response and Plaintiff has filed a Reply. (Docs. 64, 67)

Plaintiff initiated this action by filing a Civil Rights Complaint by a Prisoner on July 2, 2012. (Doc. 1) Upon screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the assigned District Judge dismissed it for failure to state a claim but granted Plaintiff leave to file an amended complaint. (Doc. 14 at 11-12) On February 8, 2013, Plaintiff filed a First Amended Complaint. (Doc. 23) Upon screening the First Amended Complaint, the District Judge directed Defendants Brown, Gabowski, Taylor and Hernandez to answer Counts One and Two, but dismissed Count Three, and several other defendants, without prejudice. (Doc. 24 at 16)

In the instant Motion, Plaintiff requests a ninety-day extension of the deadlines set by the Court in the scheduling and discovery order, doc. 32. Specifically, Plaintiff seeks an extension of the deadline to request additional discovery and the deadline to bring discovery disputes to the Court's attention. No other deadlines are addressed in the Motion.

The basis for Plaintiff's requested extensions appears to be that he did not receive his medical records until later than anticipated because he was transferred to a different housing unit. He claims his review of the medical records reveals a need for additional discovery requests, though he fails to explain what additional discovery he needs. Plaintiff also fails to explain why he needs an extension of the deadline for presenting discovery disputes to the Court.

In the Response, Defendants acknowledge there was a delay in Plaintiff's receipt of his medical records as a result of his transfer to another prison housing unit. Defendants, therefore, do not oppose a sixty-day extension of the deadline to bring discovery disputes to the Court's attention. They oppose any other extensions, arguing Plaintiff has offered no good cause for his delay in requesting the extensions.

In the Reply, in addition to the two extensions requested in the Motion, Plaintiff seeks an extension of the deadline to amend the complaint. Again, however, the only reason provided for the requested extensions is the delay in receiving medical records. He fails to explain why the delayed receipt of his medical records warrants additional time for discovery requests and an amended complaint.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). For purposes of this rule, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

In light of Defendants' non-opposition to a sixty-day extension of the deadline to bring discovery disputes to the Court's attention, the Court will grant such an extension. However, Plaintiff's requests to extend the time to seek additional discovery and amend the

complaint will be denied. Plaintiff has not demonstrated good cause to extend the deadlines previously imposed in the scheduling and discovery order. The only reason he gives for the requested extensions is the delayed receipt of his medical records. That, in itself, is insufficient to establish good cause to extend the two other deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time for Deadlines Set by the Court, doc. 60, is **GRANTED** in part and **DENIED** in part. The Motion is granted in that the deadline to bring discovery disputes to the Court's attention is extended by sixty days to **May 3, 2014**. The other requested extensions are denied.

DATED this 14th day of April, 2014.

_____
Lawrence O. Anderson
United States Magistrate Judge