**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan Troy Nimer,<br><br>    Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-12-1435-PHX-ROS (LOA)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Response to Order and Motion for Good Cause. (Doc. 71) Defendants have filed a Notice of Acknowledgment stating that because Plaintiff's motion "appears to be a motion for reconsideration, the Defendants will not respond further unless ordered to do so by the Court." (Doc. 72)

Although he does not identify it as a motion for reconsideration, Plaintiff's motion seeks reconsideration of the Court's Order, doc. 68, dated April 14, 2014, in which the Court denied Plaintiff's request to extend the deadline to submit discovery requests. The Court found Plaintiff failed to demonstrate good cause for the requested extension. The only reason Plaintiff gave for an extension was that he received his medical records late because he was transferred to a different housing unit. Plaintiff failed to explain why the delay warranted an extension of the deadline for discovery requests.

Motions for reconsideration are governed by LRCiv 7.2(g)(1), which provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with

reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171 (1986). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through - rightly or wrongly.'" *Defenders of Wildlife*, 909 F.Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

In the instant motion, Plaintiff claims he "is now showing good cause to extend" the deadline for requesting discovery. (Doc. 71 at 1) Again, however, the only reason Plaintiff presents for the requested extension is that he did not receive his medical records until after the deadline passed. He questions how he could request discovery before reviewing his medical records.

The Court finds Plaintiff has failed to meet the standards for reconsideration. He has not shown the Court committed clear error or shown new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiff is simply asking the Court to reach a different decision than it did the first time it addressed the same issue. Having failed to satisfy the standards for reconsideration, Plaintiff's motion will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Response to Order and Motion for Good Cause, doc. 71, is **DENIED**.

DATED this 6th day of May, 2014.

Lawrence O. Anderson
United States Magistrate Judge